UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK S. PALMQUIST<br>    Plaintiff | )<br>)<br>) | |
| v. | ) | Case No. 07-00098-B-W |
| | ) | |
| JAMES B. PEAKE, SECRETARY,<br>DEPARTMENT OF VETERANS<br>AFFAIRS,<br>    Defendant | )<br>)<br>)<br>)<br>) | |

PROTECTIVE ORDER

WHEREAS Plaintiff Mark S. Palquist, by and through his attorney David Webbert, Esq., and Defendant James B. Peake, Secretary, Department of Veterans Affairs, by and through his attorney, the United States Attorney for the District of Maine, (collectively, the Parties) are engaged in the prosecution and defense of an employment discrimination suit; AND

WHEREAS in the course of prosecuting and defending this lawsuit, the Parties expect to discover, access, produce and make use of, information that may be protected by the Privacy Act, 5 U.S.C. § 552a, by the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1306 (HIPAA), by other federal and state statutes, and by regulations promulgated thereunder such as 45 C.F.R. §§ 164.102-164.534 (Protected Information); AND

WHEREAS in order to discover, access, produce and make use of this Protected Information while respecting its sensitive nature to the greatest extent practicable;

NOW, THEREFORE THE COURT ORDERS AS FOLLOWS:

1.  Protected Information includes information about an individual that is maintained by a federal agency, is identifiable to that individual, is controlled by that agency, and is accessible by some identifying designation assigned to the individual.  It includes individually

identifiable "protected health information" of a personal and private nature, in the possession of health care providers, as defined by 45 C.F.R. § 164.501.

2.  Protected Information may be accessed and used in connection with this litigation and pursuant to this Stipulated Protective Order.

3.  When in the course of this litigation, a Party discloses Protected Information to another Party; the Party disclosing the Protected Information shall designate that information as "PROTECTED INFORMATION - SUBJECT TO PROTECTIVE ORDER." The failure to designate information as protected shall not constitute a waiver of its protected character.

4.  In the event that a Party wishes to make use of Protected Information, in a deposition for example, that Party shall make efforts, to the extent practicable, to conceal the identity of the subject of the Protected Information. Even if it has not done so during the deposition, a Party may, within 30 days after receiving a transcript of a deposition, designate portions of a deposition as containing Protected Information.

5.  Documents designated PROTECTED INFORMATION - SUBJECT TO PROTECTIVE ORDER shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(a) for any purpose whatsoever other than to prosecute or defend this action, including to prepare for and to conduct discovery and trial in this action, and make filings, including any appeal thereof.

> **(a) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of documents designated PROTECTED INFORMATION - SUBJECT TO PROTECTIVE ORDER to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following

categories of persons may be allowed to review documents that have been designated PROTECTED INFORMATION - SUBJECT TO PROTECTIVE ORDER:

**(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the litigation of the action;

**(2) Parties.** Parties and employees of a party to this Order;

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(5) Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(6) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(b) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as PROTECTED INFORMATION - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this

Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

**(c) Copies.**  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as PROTECTED INFORMATION - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation PROTECTED INFORMATION - SUBJECT TO PROTECTIVE ORDER if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6. Materials designated PROTECTED INFORMATION - SUBJECT TO PROTECTIVE ORDER shall be filed under seal or redacted to remove all information that would identify the subject of the Protected Information.

7. The Parties and the Court shall determine in advance what procedures will be employed for the use of Protected Information during any hearing or trial.

8. This Order does not preclude any Party from contesting the validity or propriety of any assertion that particular information is protected.  Nor does this Order constitute a ruling or statement concerning the admissibility of any information.

9.       Within 60 days of the resolution of this lawsuit and the termination of any appeal therefrom, the Parties shall destroy or return to the producing entity, all materials designated PROTECTED INFORMATION - SUBJECT TO PROTECTIVE ORDER with the exception that government counsel may retain one copy of material containing Protected Information as is necessary and appropriate to comply with the Federal Records Act, 44 U.S.C. § 3101, and its implementing regulations, 36 C.F.R. § 1222.38.

SO ORDERED, PURSUANT TO 5 U.S.C. § 552a(b)(11), this 18th day of March, 2008.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

| | |
|---|---|
| **WE SO MOVE/CONSENT and agree to abide by the terms of this Order** | **WE SO MOVE/CONSENT and agree to abide by the terms of this Order** |
| /s/ David G. Webbert_____<br>Signature | /s/ Helene Kazanjian_____<br>Signature |
| Counsel for: Mark S. Palmquist | Counsel for: Secretary, Department of Veterans Affairs |
| Dated:  March 17, 2008 | Dated:  March 17, 2008 |