UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK S. PALMQUIST, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JAMES PEAKE, Secretary, )<br>Department of Veterans Affairs, )<br>)<br>Defendant ) | Civil No. 07-98-B-W |

**ORDER DENYING MOTION FOR ORAL ARGUMENT OR, IN THE
ALTERNATIVE, TO FILE A SURREPLY
AND
ORDER FOR THE DEFENDANT TO FILE A SUPPLEMENTAL BRIEF**

This suit was initiated by Mark Palmquist complaining that he was retaliated against by the Department of Veterans Affairs after he "made a charge, assisted, or participated in any manner in an investigation or proceeding under Title VII and because he opposed practices that were made unlawful employment practices" under the Rehabilitation Act, Title VII. (1st Am. Compl. ¶ 20.) The United States' motion for summary judgment has been referred to me for a recommended decision. Also pending is Palmquist's motion for oral hearing or, in the alternative, to file a surreply and the United States has filed a motion to strike this motion.

In his motion for oral argument/motion for leave to file a surreply brief, Palmquist insists that further argument or pleadings are necessary to respond to issues raised in the United States' reply brief. (Mot. Oral Argument at 21.) The only part of the three delineated points raised in this motion that warrants consideration apropos the resolution of this motion for summary judgment pertains to Palmquist's prima facie showing. Palmquist's argument is as follows:

Defendant's reply raises new legal arguments based on a fundamental

>misunderstanding about the applicable law. For example, Defendant incorrectly contends that Plaintiff's retaliation claim must fail because "he must have engaged in protected activity within the meaning of **Title VII**" and an "employer's failure to follow an affirmative action program does not constitute protected activity under **Title VII**" (emphasis added).  Plaintiff, however, is pursuing his retaliation claim under the Rehabilitation Act, 29 U.S.C. §791, and not Title VII. This distinction is critical because, unlike Title VII, the Rehabilitation Act expressly requires all federal agencies, including the VA, to adopt and enforce an "affirmative action program for the hiring, placement, and advancement of individuals with disabilities." 29 U.S.C. § 791(b).  Given that the VA classified Mr. Palmquist as a disabled veteran under its own affirmative action policy, it cannot plausibly argue that he lacked a reasonable basis for believing he had a right to complain under the Rehabilitation Act when he believed he was denied promotion opportunities in violation of affirmative action requirements for employees with disabilities.

(Id. at 1-2)(footnotes omitted).[1]  Although the First Amended Complaint is less than clear on this point, Palmquist's opposition memorandum identifies his claim as being brought under the Rehabilitation Act and its incorporation of the mechanisms of Title I of the ADA.

However, in this new motion, which the United States points out was filed a month after Palmquist filed his reply (without explanation for the delay), Palmquist highlights the Rehabilitation Act's 29 U.S.C. § 791(b) as the key fulcrum for his retaliation claim.  That provision reads:

>(b) Federal agencies; affirmative action program plans
>   Each department, agency, and instrumentality (including the United States Postal Service and the Postal Regulatory Commission) in the executive branch and the Smithsonian Institution shall, within one hundred and eighty days after September 26, 1973, submit to the Commission and to the Committee an

---

[1] Palmquist's second point in this memorandum is that in his view the United States continues to misstate his allegations and key facts.  (Id. at 2-3.)  This is certainly not the type of realization that would warrant oral argument or further briefing in the context of a recommended decision.  Palmquist's third contention is," to promote the appearance of fairness and to counterbalance Defendant's major advantage in filing the first and last of the three briefs concerning its motion for summary judgment, the Court should allow Plaintiff's counsel to be heard in person (or through a surreply brief) before entering a Recommended Decision on Defendant's motion for judgment against him on all his claims."  (Id. at 3.)  This is tantamount to requesting a case-specific reformation of the rules governing motions for summary judgment.  The United States, as the movant on the underlying summary judgment motion, is entitled to have the last word.  The United States is not to respond to these elements of Palmquist's motion.

>   affirmative action program plan for the hiring, placement, and advancement of
>   individuals with disabilities in such department, agency, instrumentality, or
>   Institution. Such plan shall include a description of the extent to which and
>   methods whereby the special needs of employees who are individuals with
>   disabilities are being met. Such plan shall be updated annually, and shall be
>   reviewed annually and approved by the Commission, if the Commission
>   determines, after consultation with the Committee, that such plan provides
>   sufficient assurances, procedures and commitments to provide adequate hiring,
>   placement, and advancement opportunities for individuals with disabilities.

29 U.S.C. § 791(b).  And § 791(g) provides:

>   The standards used to determine whether this section has been violated in
>   a complaint alleging nonaffirmative action employment discrimination under this
>   section shall be the standards applied under title I of the Americans with
>   Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections
>   501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42
>   U.S.C. 12201-12204 and 12210), as such sections relate to employment.

Id. § 791(g).  Thus, the anti-retaliation provision of 42 U.S.C. § 12203(a) is incorporated into the affirmative action provision of 29 U.S.C. § 791(b) and, Palmquist's argument goes, his grievance vis-à-vis the 2004 Voluntary Services Officer position alleged non-affirmative action employment discrimination.  Palmquist has also generated facts relating to a 2005 Chief of Patient Services application attempt.

In his opposition memorandum to the motion for summary judgment, Palmquist did assert: "The Rehabilitation Act of 1973 requires federal agencies to take affirmative action 'to structure their procedures and programs so as to ensure that handicapped individuals are afforded equal opportunities in both job assignments and promotion.'"  (Pl.'s Opp'n Mot. Summ. J. at 1-2)(footnotes omitted).  "Consistent with this requirement," Palmquist observed, "the VA adopted policies requiring accommodations in its hiring procedures for veterans like Mr. Palmquist with a ten-point, service-connected disability preference."  (Id. at 2.)  In a footnote Palmquist cited Hall v. U.S. Postal Service, 857 F.2d 1073, 1077 (6th Cir. 1988) as interpreting 29 U.S.C § 791.  He

3

added. "The regulations implementing the Rehabilitation Act also provide that the 'Federal Government shall be a model employer of individuals with disabilities. Agencies shall give full consideration to the hiring, placement, and **advancement** of qualified individuals with disabilities.' 29 C.F.R. § 1614.203(b) (emphasis added)." (Id. at 2 n.2.)

For its part the United States requests that if the Court "is inclined to accept Plaintiff's filing and consider Plaintiff's new arguments," it would like "the opportunity to respond by filing a sur-sur-reply and/or by oral argument, since had Plaintiff appropriately included these arguments in his response to Defendant's motion for summary judgment, Defendant would have had the opportunity to reply." (Mot. Strike Mot. Oral Arg. at 2.) It represents that it does have a substantive response to Palmquist's new arguments. (Id. at 2 n.1.)

I now deny Palmquist's motion for oral argument or, in the alternative, the motion to file a surreply. I have concluded that Palmquist has, as he argues in his motion, adequately articulated his claim that he is pursuing a single count for retaliation under the Rehabilitation Act that pertains to his complaints about the VA's non-affirmative action employment discrimination and having suffered an adverse employment action because of those complaints <u>in the form of a negative reference by his supervisor</u>, Sherry Aichner. See <u>Quiles-Quiles v. Henderson</u>, 439 F.3d 1, 8 (1st Cit. 2006) (federal employee claim) (citing 29 U.S.C. § 791 and <u>Coons v. Sec'y of the Treasury</u>, 383 F.3d 879, 887 (9th Cir.2004)). Having reached this conclusion, there is no reason why I would be aided by oral argument or a surreply on behalf of Palmquist.[2] The United States' motion to strike is moot.

---

[2]  I make it crystal clear that this is solely a judgment on the adequacy of the legal framework and not on the factual record necessary to carry Palmquist's burden at the summary judgment stage. There is absolutely no reason that I would open up this proceeding to additional factual submissions; the record will stand as submitted.

However, I acknowledge that the United States has been somewhat hampered in its defense to this claim by Palmquist's failure to nail down the precise contours of his claim until his delayed motion.  In order to issue a recommended decision that will be of any use to the District Court, I give the United States the opportunity to file a supplemental brief of no more than six pages to present a substantive response to Palmquist's crystallized arguments regarding his nonaffirmative action retaliation claim.  I note one thing to assist the United States in formulating its response to this order.  Although I recognize that the District Court may not ultimately agree with this conclusion, it is my opinion that <u>Burlington Northern & Santa Fe Railway, Co. v. White</u>, 548 U.S. 53 (2006) squarely governs the resolution of this matter apropos Palmquist's prima facie retaliation claim.[3]  The supplemental brief shall be filed no later than May 8, 2009.

*So Ordered.*

April 27, 2009                        /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge

---

[3]  <u>Burlington North</u>, interpreting Title VII's anti-retaliation provision relative to its discrimination prohibition explained: "The substantive provision seeks to prevent injury to individuals based on who they are, <u>i.e.</u>, their status.  The anti-retaliation provision seeks to prevent harm to individuals based on what they do, <u>i.e.</u>, their conduct." 548 U.S. at 65. <u>See</u> also <u>DeCaire v. Mukasey</u>, 530 F.3d 1,19 (1st Cir. 2008).  As the record stands both parties have submitted facts that pertain to undercutting or establishing Palmquist's disability.

While Palmquist has not briefed the application of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), seemingly standing on his prima facie case, the United States has defended its burden of articulating a legitimate non-discriminatory basis for the adverse action as if this burden related to the ultimate decision not to hire Palmquist for the 2006 Tennessee position (disclaiming that it had anything to do with the Aichner reference).  However, under <u>Burlington Northern</u> the analysis would appear to be focused on whether or not Aichner had a legitimate non-discriminatory reason for giving the negative reference which is the adverse action of which Palmquist complains.