UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK S. PALMQUIST, </br></br>      Plaintiff, </br></br>  v. </br></br> ERIC K. SHINSEKI, Secretary, </br> Department of Veterans Affairs, </br></br>      Defendant. | ) </br> ) </br> ) </br> ) </br> )    Civil No. 07-98-B-W </br> ) </br> ) </br> ) </br> ) </br> ) |

**ORDER REJECTING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

Mark S. Palmquist brings this action against the United States Department of Veterans Affairs (VA), alleging one count of unlawful retaliation under the Rehabilitation Act, 29 U.S.C. § 791. Before the Court is the VA's Motion for Summary Judgment, which the Court referred to the Magistrate Judge for a Recommended Decision. In a thorough and thoughtful opinion, the Magistrate Judge recommended that the Court grant summary judgment. Because the Court concludes the VA's argument requires the federal statutory protections for disabled veterans to be sliced too narrowly for the purposes of a motion for summary judgment, the Court rejects the Magistrate Judge's recommendation.[1]

**I.     DISCUSSION**

Drawn in the light most flattering to Mr. Palmquist, *Bergeron v. Cabral*, 560 F.3d 1, 4 (1st Cir. 2009), the summary judgment record, winnowed to what the Court considers the core of

---

[1] The Court does so with considerable misgivings. From the outset, Plaintiff's claim has been a moving target and the Magistrate Judge performed an admirable job shepherding this action through summary judgment. The Recommended Decision itself is exhaustive and cogent, and may well ultimately prove to be correct. At bottom, the Court's concern is whether Mr. Palmquist generated a genuine issue of material fact that would entitle the Plaintiff to a trial, and here, the Court concludes that he has done so.

Plaintiff's retaliation claim, includes the following facts.[2]  In July 2004, Mr. Palmquist applied for a position as a Chief of Voluntary Services.  *Rec. Dec. App.* at 8.  After he did not receive an interview, he filed a Union grievance and an informal Equal Employment Opportunity (EEO) complaint with Maryanne Gibler, the EEO specialist, patient advocate, and alternative dispute resolution coordinator at the Iron Mountain Veterans Affairs Medical Center.  *Id.* at 10-11.  Mr. Palmquist's immediate supervisor, Sherry Aichner, was aware that he planned to go see Ms. Gibler when he was not interviewed for the position.  *Id.* at 12.

On September 7, 2004, Mr. Palmquist wrote a letter to Congressman Bart Stupak, complaining about "violations in current federal laws and the current Iron Mountain VA hospital's Disabled Veterans Affirmative Action Program."  *Id.* at 12-13 (quoting *Pl.'s Statement of Material Facts* ¶ 146 (Docket # 34) (*Pl.'s SMF*)).  He told Ms. Aichner about having contacted his congressman.  *Id.* at 13.  On October 5, 2004, at a meeting related to his Union grievance, Mr. Palmquist alleged that the VA failed to follow its affirmative action policies in place to help advance and promote veterans with targeted disabilities and that "he should have been interviewed and that he should have veteran's preference over all candidates on all lists because he is a disabled veteran."  *Id.* at 13-14 (quoting *Pl.'s SMF* ¶ 30).

On February 9, 2006, Mr. Palmquist applied for openings at the VA Regional Office in Nashville, Tennessee for Ratings Veterans Service Representatives, *id.* at 16, and he was interviewed on March 3, 2006.  *Id.* at 20.  On March 9, 2006, Delores Tate, an interviewer for the Tennessee position applicants, interviewed Ms. Aichner about Mr. Palmquist.  *Id.* at 22.  Ms. Aichner told Ms. Tate *inter alia* that Mr. Palmquist "uses his service connected preference and watches carefully to make sure he gets an interview" and that in one instance "he went right

---

[2] The Court does not reiterate the exhaustive statement of facts fully set forth in the Appendix to the Recommended Decision.  *See Recommended Decision App.* (Docket # 63-2) (*Rec. Dec. App.*).

away to the patient Representative" when he did not get an interview. *Id.* at 26-27 (quoting *Pl.'s SMF* ¶ 191). In her deposition, Ms. Aichner testified that Mr. Palmquist's "service connected preference" was his "disabled veterans preference." *Id.* at 27 n.16. Mr. Palmquist did not get the position. *Id.* at 31.

From this abbreviated recitation, it is reasonable to infer that Ms. Aichner's reference to Mr. Palmquist's use of his "service connected preference" related to his earlier complaints about his failure to receive an interview for the Chief of Voluntary Services position. Further, there is enough ambiguity surrounding Mr. Palmquist's complaints about "violations in current federal laws" and his belief that "he should have veteran's preference over all candidates on all lists because he is a disabled veteran" on the one hand, and Ms. Aichner's reference to Mr. Palmquist's "disabled veterans preference" on the other, to raise an issue of material fact whether Mr. Palmquist was opposing what he perceived to be a violation of an affirmative action program for the disabled mandated by the Rehabilitation Act. *See* 29 U.S.C. § 791(b). If so, the reasonableness of Mr. Palmquist's perception that disabled veterans are protected under the Rehabilitation Act is supported by the explicit statutory mandate in the Vietnam Era Veterans' Readjustment Assistance Act requiring "a separate specification of plans" for "disabled veterans" within an agency's affirmative action plan instituted under the Rehabilitation Act.[3] *See* 38 U.S.C. § 4214(c). The Court is satisfied that this is enough to raise an issue of material fact whether Mr. Palmquist engaged in protected conduct.[4]

---

[3] A retaliation claimant must have a "'good faith, reasonable belief that the underlying challenged actions of the employer violated the law.'" *Fantini v. Salem State College*, 557 F.3d 22, 32 (1st Cir. 2009) (quoting *Wimmer v. Suffolk County Police Dep't*, 176 F.3d 125, 134 (2d Cir. 1999)).

[4] Likewise, the Court is satisfied that Mr. Palmquist established that there is a genuine issue of material fact as to whether he experienced an adverse employment action and whether a causal connection existed between his protected conduct and the adverse employment action. *See Quiles-Quiles v. Henderson*, 439 F.3d 1, 8 (1st Cir. 2006) (listing the elements of a Rehabilitation Act retaliation claim). Finally, there is sufficient evidence in the record to generate a jury question as to whether retaliatory animus was the true motivation for the adverse action rather than the VA's proferred legitimate explanation. *See Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 535 (1st

**II.     CONCLUSION**

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 63) is hereby REJECTED.  It is further ORDERED that the VA's Motion for Summary Judgment (Docket # 27) is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 19th day of August, 2009

---

Cir. 1996) (applying the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework to a Title VII retaliation claim).